**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**TRACIE NEILD,**

       **Plaintiff,**

   **v.**                                          **ACTION NO. 2:06cv141**

**WOLPOFF & ABRAMSON, L.L.P.,
DONALD M. FISHMAN,
JANE DOE,
JOHN DOE,
ONE UP, and
DISCOVER BANK,**

       **Defendants.**

## OPINION AND ORDER

This matter comes before the court on Defendants Wolfpoff & Abramson, L.L.P.'s and Donald M. Fishman's Motion to Dismiss for Failure to State a Claim Under Which Relief Can Be Granted. For the reasons set forth below, Defendants' motion is **DENIED-IN-PART** and **GRANTED-IN-PART**.

### I.  Factual and Procedural History

On March 14, 2006, pro se Plaintiff, Tracie Neild, filed a complaint. On March 15, 2006, she filed an amended complaint. See FED. R. CIV. P. 15(a) (explaining that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served"). The defendants named were Wolpoff & Abramson, L.L.P. ("Wolpoff & Abramson"), Donald Fishman ("Fishman"), Jane Doe, John Doe, One Up, and Discover Bank. The

amended complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  It also alleges violations of 18 U.S.C. § 1341 (mail fraud) and 39 U.S.C. §§ 3001 and 3005 (pertaining to nonmailable matter).  In addition, the amended complaint sets forth various state law claims.  The amended complaint is twenty-four pages long and not a model of clarity.

Plaintiff alleges the following facts.  Defendant Discover Bank extended Plaintiff credit pursuant to a written agreement. Amended Compl. ¶ 10 (Mar. 15, 2006).  Discover Bank subsequently hired the law firm Wolfpoff & Abramson to collect a debt that it alleged Plaintiff owed Discover Bank.  Id. ¶ 14.  Fishman was an attorney with the firm.  See id. ¶ 8.  Wolpoff & Abramson and Fishman sent letters to Plaintiff on August 5, 2005, and December 13, 2005, attempting to collect on the debt and threatening to sue Plaintiff.  See id. ¶¶ 15-16.  The law firm eventually filed suit against Plaintiff in the City of Suffolk General District Court to collect on the debt.  Id. ¶ 17.

Plaintiff asserts that Defendants' conduct in attempting to collect the debt and in filing suit was improper for numerous reasons.  Defendants, among other things, allegedly (1) attempted to charge Plaintiff for amounts not specifically outlined in the written agreement between Plaintiff and Discover Bank, (2) made false representations, including false representations regarding

the amount of the debt, to Plaintiff, and (3) threatened Plaintiff and her family. See id. ¶¶ 27, 47, 53, 84.

On July 26, 2006, Defendants Wolpoff & Abramson and Fishman filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. Plaintiff has not filed a response to this motion. On August 15, 2006, the lawsuit was dismissed pursuant to Federal Rule of Civil Procedure 4(m) as to Jane Doe, John Doe, One Up, and Discover Bank, leaving only Wolpoff & Abramson and Donald Fishman as defendants.[1]

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A district court should not dismiss a complaint under Rule 12(b)(6) "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005) (internal quotation omitted).

With respect to a pro se plaintiff, a district court has a duty to give the plaintiff "the benefit of a liberally construed

---

[1] From this point forward, this Opinion and Order refers to Wolpoff & Abramson and Donald Fishman simply as "Defendants."

3

complaint." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has expressed "the indisputable desire that [pro se] litigants with meritorious claims should not be tripped up in court on technical niceties." Id. at 1277-78. These principles are not, however, without limits. Id. at 1278. District courts are not "mind readers," and are not required to "conjure up questions never squarely presented to them." Id.

### III. Discussion

Defendants essentially make the following three arguments in support of their motion to dismiss: (1) the doctrine of res judicata bars Plaintiff's claims, (2) Plaintiff's amended complaint fails to meet established pleading requirements, and (3) even if Plaintiff's averments are true, Plaintiff is not entitled to relief. See Defs.' Mot. at 4-13 (July 26, 2006). At a threshold level, this court addresses whether res judicata bars Plaintiff's claims. The court then turns to the issue of whether Plaintiff has, for other reasons, failed to state a claim upon which relief may be granted.

**A.    The Doctrine Of Res Judicata Does Not Bar Plaintiff's Claims**.

Defendants argue that the doctrine of res judicata bars Plaintiff's claims because the City of Suffolk General District Court has entered a judgment against Plaintiff for the debt owed to Discover Bank. Defs.' Mot. at 6. It is unclear whether Defendants intended to use the term res judicata to refer to claim preclusion

("res judicata") or issue preclusion ("collateral estoppel"). The court therefore examines the potential applicability of both doctrines.

This court must evaluate the merits of Defendants' arguments by applying Virginia law because "the law of the state where the original litigation occurred controls the preclusive effect of its judgments in federal court." In re Ansari, 113 F.3d 17, 18 (4th Cir. 1997). Under Virginia law, proper application of the doctrine of res judicata requires, among other things, "identity of the cause of action." Artis v. Norfolk & Western Ry. Co., 204 F.3d 141, 147 (4th Cir. 2000). And the "principal test to determine whether claims are part of the same cause of action is whether the same evidence will support both claims." Id. For collateral estoppel to apply, "the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment." Ansari, 113 F.3d at 19.

In this case, Defendants' reliance on either res judicata or collateral estoppel is misplaced. Res judicata does not bar Plaintiff's claims because the same evidence that supported Defendants' claims in the state court action would not suffice to establish any, let alone all, of Plaintiff's claims in this lawsuit. Moreover, the doctrine of collateral estoppel does not bar Plaintiff's claims because Defendants have not shown that the factual issues raised by Plaintiff's amended complaint were

litigated in the state court decision. Defendants have not, for example, shown that the issue of whether Defendants made false representations in attempting to collect a debt was litigated in the state court proceeding.[2]

### B. Plaintiff Has Failed To State a Claim Upon Which Relief Can Be Granted With Respect To Some, But Not All, Of Her Claims.

Federal Rule of Civil Procedure 8(a) requires a plaintiff's complaint to include "a short and plain statement of the claim." The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). As a leading treatise has explained, if a complaint is ambiguous or lacks sufficient information to allow a defendant to prepare a responsive pleading, a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), not dismissal for failure to state a claim, is the appropriate remedy. 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (2006). But repeated failures to comply

---

[2] As proof of the state court judgment, Defendants have submitted a one-page Internet printout showing that the general district court entered a default judgment against Plaintiff on May 17, 2006. See Defs.' Mot., Ex. 3. But even if an Internet printout were a sufficient way to establish the validity of the debt, the presence of a valid debt would not preclude an action under the FDCPA. See Turner v. Shenandoah Legal Group, P.C., No. 06-045, 2006 WL 1685698, *3 (E.D. Va. July 12, 2006) (noting that the FDCPA may serve its purpose of curtailing abusive debt collection practices even under circumstances where a valid debt exists); see also Baker v. G. C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982) (explaining that "the legislative history supports the contention that a debtor has standing to complain of violations of the [FDCPA], regardless of whether a valid debt exists").

6

with Rule 8 may justify dismissal of the lawsuit. <u>Id.</u>

With respect to averments of fraud, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud . . . shall be stated with particularity." "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

In this case, dismissal under Rule 12(b)(6) is appropriate for some, but not all, of Plaintiff's claims.

**1.  FDCPA Claims**

Plaintiff's amended complaint alleges that Defendants have violated numerous provisions of the FDCPA, including 15 U.S.C. § 1692d, e, and f. Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e, in turn, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

Defendants essentially raise three issues with respect to Plaintiff's claims under the FDCPA: (1) whether the heightened pleading requirements of Rule 9(b) apply to such claims, (2) whether Plaintiff's amended complaint is so unintelligible and

7

incoherent that Defendants cannot prepare a responsive pleading, and (3) whether Plaintiff's factual allegations, even if true, state a claim under the FDCPA. The court addresses each issue in turn.

### a) The Heightened Pleading Requirements Of Rule 9(b) Do Not Apply As To Claims Arising Under the FDCPA.

The issue of whether to apply Rule 9(b) as to claims arising under the FDCPA appears to be one of first impression in the Fourth Circuit. Although courts in other jurisdictions have uniformly declined to apply Rule 9(b) across the board to claims arising under the FDCPA, some courts have applied Rule 9(b) where a plaintiff alleges that a defendant violated § 1692e. Compare Kupferstein v. RCS Ctr. Corp., No. 03-1497, 2004 WL 3090582, *2 (E.D.N.Y. Aug. 11, 2004) (dismissing a claim under the FDCPA for failure to comply with Rule 9(b) where the plaintiff alleged that the defendant violated the Act by making false representations and employed deceptive means in violation of § 1692e), and Knowles v. I.C. Sys., Inc., No. 90-822E, 1991 WL 5182, *2 (W.D.N.Y. Jan. 14, 1991) (same), with Lauer v. Nakon, 05-3999, 2006 WL 418676, *3 (N.D. Ill. Feb. 16, 2006) ("Rule 9(b) does not apply to a § 1692e claim."), Cargile v. Baylor Health Care Sys., 04-1365-B, 2005 WL 2445482, *5-6 (N.D. Tex. Aug. 10, 2005) (applying Rule 8(a) to a claim under § 1692e), and Sullivan v. Equifax, Inc., No. 01-4336,

2002 WL 799856, *3 (E.D. Pa. Apr. 19, 2002) (same).[3]

In the Fourth Circuit, some district courts have applied Rule 9(b) where "the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." Pitten v. Jacobs, 903 F. Supp. 937, 951 (D.S.C. 1995). In Virginia, the elements of fraud are as follows:

> (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) damages resulting from that reliance.

Bank of Montreal v. Signet Bank, 193 F.3d 818, 826 (4th Cir. 1999). A claim under § 1692e, however, differs substantially from a common law fraud claim. For example, a plaintiff asserting a claim under § 1692e need not prove actual reliance on a false representation. United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 139 (4th Cir. 1996) (reasoning that "evidence of actual deception is unnecessary" to establish a claim under § 1692e(10)). In addition, a plaintiff need not establish actual damages to prevail under the FDCPA. See § 1692k(a)(2) (providing for statutory damages in addition to actual damages); Morgan v. Credit Adjustment Bd., Inc., 999 F. Supp. 803, 808 (E.D. Va. 1998) (awarding a plaintiff

---

[3]Some courts have simply assumed that Rule 8(a), rather than Rule 9(b), applies as to § 1692e claims without expressly considering the issue. See, e.g., Greer v. Shapiro & Kreisman, 152 F. Supp.2d 679, 685 (E.D. Pa. 2001) (evaluating the sufficiency of a § 1692e claim under Rule 8(a)); Nix v. Welch & White, P.A., No. 669-JJF, 2001 WL 826558, *3 (D. Del. July 18, 2001) (applying Rule 8(a) as to claims under §§ 1692d and e).

statutory damages and costs).  Furthermore, a plaintiff does not have a burden to establish scienter under the FDCPA.  <u>See</u> § 1692k© (explaining that to avoid liability under the Act, the <u>defendant</u> may show that a violation was not intentional).

In other words, establishing a violation of § 1692e is a substantially different matter than establishing common law fraud. This court, therefore, cannot conclude that the gravamen of a § 1692e violation is fraud.  Accordingly, this court must evaluate the sufficiency of Plaintiff's amended complaint with respect to Rule 8(a), not Rule 9(b), of the Federal Rules of Civil Procedure.

### b)  **Plaintiff's Amended Complaint Provides Defendants With Fair Notice Of Plaintiff's Claims.**

Plaintiff's amended complaint complies with Rule 8(a) with respect to claims asserted under the FDCPA.  Although the amended complaint is admittedly not a model of clarity, Plaintiff has provided Defendant with the requisite "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  Indeed, Defendants already seem to have done a fair job ascertaining the basis for Plaintiff's claims and the grounds upon which they rest.  <u>See, e.g.</u>, Defs.' Mot. at 5 (denying that Defendants violated the Act by asserting to Plaintiff that they held the status of a holder in due course); <u>id.</u> (denying that Defendants threatened Plaintiff).  And, in any event, as the Supreme Court has admonished, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient

notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002).

In this case, Defendants' real argument seems to be that Plaintiff's lawsuit is baseless and intended to harass Defendants. See Defs.' Mot. at 3 n.1 (noting that Plaintiff's allegations are substantially identical to those set forth in numerous other recent federal lawsuits against credit issuers). If that is true, however, Defendants should prevail on a motion for summary judgment. In addition, Defendants have the option of seeking sanctions under 15 U.S.C. § 1692k(a)(3), which expressly provides for an award of attorneys' fees where an action is brought under the FDCPA in bad faith or for the purpose of harassment, or under Federal Rule of Civil Procedure 11.

### c) **Plaintiff Has Alleged Sufficient Facts To State A Claim Under The FDCPA.**

Defendants argue that many of Plaintiff's averments, even if true, do not state a claim under the FDCPA. But after considering the amended complaint as a whole and construing it liberally, the court concludes that Plaintiff has alleged sufficient facts to survive Defendants' 12(b)(6) motion.

Plaintiff avers, for example, that Defendants attempted to charge Plaintiff for items not specifically outlined in the agreement between Plaintiff and Discover Card. Compl. ¶ 27. This

averment, if true, would entitle Plaintiff to relief because the FDCPA prohibits, among other things, the use of "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f; see § 1692f(1) (specifically prohibiting the collection of any amount unless "such amount is expressly authorized by the agreement creating the debt").

Plaintiff also avers that Defendants falsely represented the amount of the debt. Compl. ¶ 53; see also id. ¶ 84 (alleging that Defendants inflated the amount of the debt). If this averment is true, Defendant violated the FDCPA, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e; see § 1692e(1)(a) (specifically prohibiting the false representation of the "amount . . . of any debt"). Plaintiff further alleges that Defendants threatened Plaintiff and Plaintiff's family. Compl. ¶ 47. If this were true, it might also entitle Defendant to relief because the Act prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692f. In addition, Plaintiff alleges that Defendant Fishman sent a Notice of Intent to Sue to Plaintiff dated August 5, 2005. Compl. ¶ 15. This communication allegedly represented that Defendant had "personally reviewed the matter." Id. ¶ 15. Plaintiff further alleges that Defendants did not substantiate the amount of the debt prior to bringing suit.

12

Id. ¶ 63.  If, in fact, Defendants represented to Plaintiff that they had personally reviewed the matter when they had not actually done so, Plaintiff would appear entitled to relief.  See § 1692e.

Defendants correctly note that the Act does not prohibit debt collectors from "attempting to collect validly certified amounts owed their client."  Amond v. Brincefield, Hartnett & Assocs., No. 97-2582, 1999 WL 152555, *3-4 (4th Cir. Mar. 22, 1999) (explaining further that lawyers need not have more than a "colorable basis" for asserting a deficiency claim).  Thus, Plaintiff's allegations that Defendants violated the FDCPA merely by attempting to collect a disputed debt do not state a claim upon which relief can be granted.  But the fact that some of Plaintiff's averments, standing alone, fail to state a claim does not warrant dismissal of the entire amended complaint.  Thus, Defendants' Motion is denied as to claims asserted under the FDCPA.

**2.   RICO Claim**

Plaintiff alleges that Defendants have entered into a "conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff [which] is . . . a predicate offense for a civil RICO claim."  Compl. ¶ 42.  The amended complaint does not allege violations of any specific provisions of RICO. Defendants argue that the RICO claim should be dismissed because Plaintiff has failed to allege sufficient facts to support the claim.

The Racketeer Influenced and Corrupt Organizations Act grants a private right of action to any person injured in his or her business or property as a result of a violation of 18 U.S.C. § 1962.  18 U.S.C. § 1964©.  Section 1962 contains four specific prohibitions.  First, it declares unlawful the use of income derived from "a pattern of racketeering activity or through collection of an unlawful debt" to acquire an interest in, establish, or operate "any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." § 1962(a).  Second, it declares unlawful the acquisition or maintenance of "any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce" through "a pattern of racketeering activity or through collection of an unlawful debt." § 1962(b).  Third, it prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce" from conducting or participating "in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." § 1962©.  Finally, it prohibits any person from conspiring to violate any of the other three subsections.  § 1962(d).  Thus, to establish a violation of § 1962, a plaintiff must show, at a minimum, either an unlawful debt or a pattern of racketeering activity.

The Act defines racketeering activity to include only certain enumerated acts ("predicate acts"). See § 1961(1). Acting in violation of 18 U.S.C. § 1341 (relating to mail fraud), for example, is a predicate act, but acting in violation of the FDCPA is not. § 1961(1). To prove a pattern of racketeering activity, a plaintiff must show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989) (internal quotation omitted). In addition, RICO defines an "unlawful debt" as a debt that is

> (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and
> (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

§ 1961(6).

In this case, Plaintiff has not alleged that the debt at issue had any connection with (1) gambling activity or (2) money that was lent to Plaintiff at a rate usurious under state or federal law. Thus, even if the facts in Plaintiff's amended complaint are true, the debt at issue in this case was not an unlawful debt within the meaning of RICO.

Plaintiff has similarly failed to allege facts that might support a finding of a "pattern of racketeering activity." Plaintiff's allegations that Defendants sent two letters to Plaintiff in an attempt to collect on a debt cannot establish a "pattern of racketeering activity" within the meaning of RICO. See Menasco, 886 F.2d at 684 (concluding that the plaintiffs failed to properly allege a pattern of racketeering activity where the alleged "actions were narrowly directed towards a single fraudulent goal" and the complaint failed to disclose the identity of any other injured persons); Compl. ¶¶ 15-16 (discussing the letters). Moreover, the only conduct mentioned in Plaintiff's amended complaint that would qualify as a predicate act under RICO is Defendants' alleged violation of 18 U.S.C. § 1341, which pertains to mail fraud. See 18 U.S.C. § 1961(1). But when a plaintiff alleges RICO claims based on predicate acts involving fraud, the heightened pleading requirements of Rule 9(b) apply. Menasco, 886 F.2d at 684; see Choimbol v. Fairfield Resorts, Inc., 428 F. Supp. 2d 437, 445 (E.D. Va. 2006) (applying Rule 9(b) as to RICO claims based on mail fraud). And Plaintiff has failed to describe with particularity any activities involving mail fraud. See, e.g., Compl. ¶¶ 15-16 (mentioning letters sent to Plaintiff without stating why they might be false or fraudulent). Furthermore, as noted by Defendants, Plaintiff's allegations are deficient in other respects. See Defs.' Mot. at 9-10. For example, Plaintiff has not

alleged facts showing that she sustained an injury because of Defendants' use or investment of racketeering income, as would be required under § 1962(a).

Plaintiff's RICO claim is therefore DISMISSED for failure to state a claim upon which relief may be granted.

### 3.   18 U.S.C. § 1341

There is no private right of action under 18 U.S.C. § 1341, a criminal statute pertaining to mail fraud. Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999); Fromal v. Lake Monticello Owners' Ass'n, 2006 WL 1195778, *1 (W.D. Va. 2006). Thus, to the extent that Plaintiff intended to assert a claim under this statute, that claim is **DISMISSED.**

### 4.   Remaining Claims

Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a) with respect to her remaining claims because the amended complaint does not give Defendant fair notice of what the claims are or upon what grounds they rest. See Conley, 355 U.S. at 47. It is entirely unclear, for example, to which statutes the acronyms FCEUA and UTPCPL refer.[4] Similarly, Plaintiff does not

---

[4]The court recognizes that these acronyms may refer to two Pennsylvania laws: the Unfair Trade Practices and Consumer Protection Law and the Fair Credit Extension Uniformity Act. See 73 PA. CONS. STAT. ANN. § 201-1 (West 2006) (UTPCPL); 73 PA. CONS. STAT. ANN. § 2270.1 (West 2006) (FCEUA). There are no facts in Plaintiff's amended complaint, however, that would provide any indication as to why these Pennsylvania statutes would apply in this case.

explain how her factual allegations give rise to violations of the Virginia Uniform Commercial Code ("UCC"), 39 U.S.C. §§ 3001 and 3005, unfair trade practices, or other torts. Plaintiff, as a further example, claims that Defendants violated 39 U.S.C. § 3001(h) & (I). See Amended Compl. ¶ 37. But those sections apply only to mail "which reasonably could be interpreted or construed as implying any Federal Government connection, approval, or endorsement." 39 U.S.C. § 3001(h), (I).[5] Defendants, like the court, are simply left to guess why these statutes are relevant in this case.

Thus, Plaintiff has not provided Defendants with fair notice of the grounds for the above-referenced claims. Because Plaintiff has not repeatedly violated Federal Rule of Civil Procedure 8(a) and is proceeding pro se, the court deems dismissal at this juncture inappropriate. Plaintiff is, therefore, granted leave to amend her amended complaint to comply with Rule 8(a) in regard to these remaining claims.[6] Said second amended complaint must be filed within fourteen days of the date of this Opinion and Order,

---

[5]The court declines to reach the issue of whether an implied private right of action exists for §§ 3001 and 3005, which appear to merely empower the Postal Service to take certain actions. See, e.g., 39 U.S.C. § 3005(a) (describing the circumstances under which the Postal Service can issue certain orders).

[6]It does not appear to the court that Plaintiff intended to assert a claim for common law fraud, but if Plaintiff desires to assert such a claim, she will, of course, have to comply with Rule 9(b), not Rule 8(a), as to that claim. See supra at 8-10.

or these remaining claims referenced in this part III.B.4 will be dismissed.

## IV. Conclusion

Defendants' motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's RICO and mail fraud claims are **DISMISSED**. Defendants' motion is **DENIED** as to all other claims. The court **GRANTS** Plaintiff leave to amend her amended complaint within fourteen (14) days to comply with Federal Rule of Civil Procedure 8(a) as to claims based on the FCEUA, UTPCPL, Virginia UCC, unfair trade practices, and other state law torts.

**IT IS SO ORDERED.**


Rebecca Beach Smith

Norfolk, Virginia

September 14, 2006